UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X  Case No:

BRENDA NURIK

    Plaintiff,

**COMPLAINT**

    -against-

**JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, P.O. FRANCESC
ALLEVATO, SHIELD NO. 02939, JOHN DOE (1)
& JANE DOE (1).

**CV 14-5998**

    Defendants.
---------------------------------------------------------- X

Plaintiff, BRENDA NURIK, by her attorney, ADRIAN A. ELLIS, LLC, alleges as follows:

I. **INTRODUCTION**

1. This is an action pursuant to U.S.C. Section 1983 to vindicate the civil rights of BRENDA NURIK. The plaintiff contends that the defendants have subjected the Plaintiff to false arrest, malicious abuse of process whereas she has been seized, falsely imprisoned, prosecuted and defamed by the defendant's. In addition the defendants used excessive and unnecessary force against the plaintiff. Defendants were acting under the color of state law and pursuant to municipal customs, practices and policies when they undertook the aforementioned acts against plaintiff.

II. **JURISDICTION**

2. This court has jurisdiction over this action under 42 U.S.C. Section 1983 and the 6th, 4th, 5th and 14th Amendments of the Constitution of the United States. Venue is proper, as the operative events occurred within this judicial district.

III. **PARTIES**

3. Plaintiff, BRENDA NURIK resides in Kings County and sues on her own behalf.

4. Defendant, the City of New York is a municipality that is incorporated under the laws of the State of New York, New York. Its actions and those of its agents must conform to the dictates of the Constitution of the United States. It may sue and be sued and at all relevant times herein acted under the color of the state law and pursuant to its own policies, practices and customs.

5. Police Officer Allevato, John Doe (1) and Jane Doe (1) at all times were employed by the City of New York as police officers. Their actions must conform to the dictates of the Constitution of the United States. They are sued in their individual capacities for violating the plaintiff's civil rights while acting under the color of state law and/or acting pursuant to policies, practices and customs of the City of New York.

IV. **FACTUAL AVERMENTS**

6. Defendants, all of whom were acting under the color of the state law and/or pursuant to policies, practices and customs of the City of New York violated plaintiff's civil rights in the following ways:

On May 20, 2013 at approximately 9:00 to 9:30 A.M. the plaintiff was leaving a standing appointment that she has at a Methadone clinic located at 694 Dumont Avenue, Brooklyn, New

York. As plaintiff attempted to walk the block to the L train, which is around the corner from the clinic the plaintiff was stopped by the defendants who stated "excuse me miss do you have any drugs on you?" The plaintiff responded that "yes, my prescription medication." The officers then took the plaintiff's bag and without permission began to search her bag. Officer Jane Doe then stated to plaintiff "Junkie, can't get your life together, stupid bitch." This tirade continued whilst the plaintiff's bag was being searched. When the defendants located the plaintiff's prescription medication, the plaintiff was informed that " you are about to be under arrest, because we can't read your prescription bottle." Plaintiff informed them that she has the printout sheet from the pharmacy to show her prescription medications. The defendants merely responded that plaintiff has narcotics on her person that doesn't belong to her and she is under arrest. The plaintiff pleaded with them to call the pharmacy or the prescribing doctor to confirm if they didn't want to read the script provided by the pharmacy, but this was to no avail. Plaintiff was handcuffed and then directed to squat on the public sidewalk. The plaintiff was wearing a pants and shirt and whilst squatting defendant Jane Doe pulled her pants and shirt from her body so that she could view the plaintiff's private areas, presumably in search of contraband. This procedure was carried out in full view of defendant Allevato and his male colleague John Doe.

10.     After the plaintiff had squatted and been subjected to the aforementioned search she asked if she could use a bathroom as she was going to urinate on herself if she didn't use a bathroom. Defendant Jane Doe said that "if you pee on my foot I'm going to kick you." Plaintiff was refused use of bathroom facilities and resulted in her urinating on herself. As a result of her urinating defendant Jane Doe kicked the plaintiff in her back causing her to topple on the ground. Plaintiff was then picked up by the defendants and thrown into the rear of the police vehicle.

11.     After being taken to the 75th precinct and being in custody for approximately 11 hours the plaintiff was given a Desk Appearance Ticket. The plaintiff was charged with criminal possession of a controlled substance in the seventh degree for possessing clonazepam. A

medication that was prescribed to plaintiff for a medical condition that she suffers from. After spending approximately six and a half hours in the Kings County Criminal Court on June 26, 2013 the Kings County District Attorney motioned for the case against the plaintiff to be dismissed, which was granted.

## AS AND FOR A FIRST CAUSE OF ACTION

12. Defendants actions against plaintiff were undertaken pursuant to municipal policies, practices and customs of effecting arrests and causing the commencement of criminal prosecution against the citizenry when deemed necessary.

13. As a result of the defendants actions the plaintiff is fearful of all police officers and is unable to respect the police force and the purported purpose to "protect and serve".

14. The conduct of defendants in falsely arresting and maliciously abusing the process against the plaintiff was outrageous and was done with a total and utter reckless indifference to plaintiff's protected civil rights, entitling plaintiffs to an award of punitive damages as against the individual defendants.

15. Solely as a result of these actions, plaintiff has:

a. Suffered severe emotional trauma and was subjected to great fear and terror and personal humiliation and degradation.

b. Has continued to suffer from mental and emotional distress as a result of the unlawful conduct of the defendants, and

c. Has been caused to fear repetition of the unlawful conduct by the defendants or by other police officers.

16. Each of the defendants, jointly and severally, acted maliciously, willfully and wantonly, and outside the scope of their jurisdiction, although under the color of law, and violated the rights of the plaintiffs:

a. To be free from unlawful arrests and seizure;

b. To be free from malicious abuse of process;

c. To be free from intentional infliction of great emotional distress;

d. To be free from negligence in the performance of police duties;

e. To be free from summary punishment without trial; and

f. To due process of law.

17. All of these rights are secured to the plaintiff by the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States of America and by 42 U.S.C.§§ 1983, 1988.

18. As a result of the defendants conduct, plaintiff has suffered damage and injury.


AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF PERTAINING TO THE VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS BY THE CITY OF NEW YORK

19. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

20. The plaintiff's rights have been violated under the Fourth Amendment to the United States Constitution, as made applicable to the states via the Fourteenth Amendment, by the defendant, NYC.

21. Defendants NYC as well as unidentified police officers who were supervisors and final decision makers, as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of officers stopping and frisking citizens and then falsely arresting civilians, and that there has been no meaningful attempt on the part of NYC to investigate or forestall further incidents.

22. The defendant NYC, with deliberate indifference to the well-being of the public, maintains an ineffective Civilian Complaint Review Board, which operates for the purpose of wrongfully exonerating and failing to substantiate legitimate claims against officers.

23. The defendant NYC with deliberate indifference to the well-being of the public, maintains an ineffective Internal Affairs Department of the City's police department, which operates for the purpose of wrongfully exonerating and failing to substantiate legitimate claims against officers.

24. As a result of NYC's deliberate indifference to the purposeful ineffectiveness of the CCRB and IAB, the defendants in the instant case felt free to, and did in fact, violate the plaintiff's rights.

25. It is the routine practice of NYPD officers to stop lawfully abiding civilians and question them and then effect arrests even though the circumstances fails to provide reasonable suspicion for the stop and probable cause for the arrest.

26. The City of New York strongly demands its' officers to make arrests of civilians with an utter and total disregard for the civil rights of the populace. Despite this problem of civilians being falsely arrested the NYPD has remained deliberately indifferent to said problems and in so doing encouraged its officers to persist in the aforesaid unconstitutional behavior in order to meet arrest quotas.

27. By reason of the defendant NYC's deliberate indifference, the plaintiff was harmed by being falsely arrested, assaulted, humiliated, embarrassed, and was subjected to various ongoing physical and emotional harms, she was and continues to be pecuniarily harmed and she was otherwise harmed.

28. By reason of the aforesaid, the plaintiff was damaged in an amount to be determined by the trier of facts that is just and fair and she is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF FOR RELIEF PURSUANT TO 42 U.S.C §1983 AGAINST DEFENDANT JANE DOE, JONH DOE AND P.O. ALLEVATO**

Plaintiff repeats and realigns each and every allegation as if fully set forth herein.

29. By reason of the foregoing and by the use of unnecessary and excessive force against the plaintiff, the defendant deprived plaintiff of her rights, privileges, protections and immunities guaranteed to her pursuant to 42 U.S.C. § 1983, including but not limited to, rights guaranteed by the Fourteenth Amendment to the United States Constitution to be free from deliberate indifference to her

safety in violation of the Eighth and Fourteenth Amendments to the Constitution and 42 U.S.C. 1983 .

30. Defendant acted under pretense and color of state law and in her individual and official capacity and within the scope of her employment as a New York City Police officer and employee. Said act by defendant was beyond the scope of her jurisdiction, without authority of law and an abuse of her powers. The defendant acted willfully, knowingly and with the specific intent to deprive plaintiff of her constitutional rights secured by 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

31. As a direct and proximate result of the unnecessary and excessive use of force and abuse of authority the plaintiff sustained the damages hereinbefore alleged

32. By reason of the aforesaid, the plaintiff has been damaged in a sum to be determined, and the plaintiff is entitled to an award of punitive damages and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

## PRAYER

Plaintiff demands judgment against the defendants for:

1. Compensatory damages in an amount that the trier of facts considers just and fair.

2. Punitive and exemplary damages in an amount that the trier of the fact considers sufficient to punish and deter each defendant against whom, theses damages are awarded;

3. Costs of suit;

4. Reasonable attorney fees; and

5. All other relief that is just and proper.

Dated: Brooklyn, New York
September 22, 2014

Respectfully Submitted
Adrian A. Ellis, LLC
By: _____
Adrian A. Ellis, Esq. (5276)
26 Court Street, Suite 1600
Brooklyn, NY 11242
P (718) 596-1308
F (718) 596-8059